IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DIEUDONNE KAZABUKEYE,<br>Petitioner, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 4:13-CV-346-Y |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Dieudonne Kazabukeye, TDCJ # 1636492, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Teague, Texas.

Respondent William Stephens is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

On January 21, 2010, petitioner entered an open plea of not guilty to intoxication manslaughter (count one of the indictment) in the 371st District Court of Tarrant County, Texas, Case No. 1185922R, and his bench trial commenced. (Clerk's R., vol. 1, at 16) The following day, the trial court found petitioner guilty based on the evidence and postponed sentencing pending preparation of a presentence investigation report.[1] (*Id.*) On March 12, 2010, the trial court sentenced petitioner to fifteen years' confinement. (*Id.* at 17) Petitioner appealed his conviction, which was affirmed by the state appellate court, and he filed a petition for discretionary review (PDR), which was refused by the Texas Court of Criminal Appeals on February 1, 2012. *Kazabukeye v. State*, 2011 WL 3717013 (Tex. App.–El Paso Feb. 1, 2012). Petitioner did not seek writ of certiorari; thus, his conviction became final on May 1, 2012, 90 days after his PDR was refused. *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.1. Petitioner has not filed a state postconviction habeas application.[2] This federal petition was filed on April 25, 2013.[3] (Pet. at 10)

D. ISSUES

Petitioner raises eight grounds challenging his conviction:

(1)     He was denied his constitutional right to a jury trial due to his unknowing and involuntary waiver of jury trial;

---

[1]Petitioner also pleaded not guilty to manslaughter (count two of the indictment) and was found guilty, however on appeal the manslaughter conviction was vacated on double jeopardy grounds. (COA Opn. at 6)

[2]This fact was confirmed *via* email communication with the Tarrant County District Clerk's Office on July 31, 2013.

[3]A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

(2)     He was denied his constitutional right to be present during all critical proceedings in his trial;

(3)     The deadly weapon finding is invalid;

(4)     He received ineffective assistance of counsel;

(5)     He was denied due process because "trial officials" misrepresented his punishment options to induce him to waive his right to a jury trial;

(6)     He was denied due process of law and equal protection of the law when he was denied an interpreter to translate the waivers before signing them;

(7)     The trial court abused its discretion by denying a hearing on his motion for new trial; and

(8)     His sentence should be corrected under Rule 35 of the Federal Rules of Criminal Procedure as provided in 18 U.S.C. § 3582(a)(2).

(Pet. at 6-7 & Insert.)

## E.  RULE 5 STATEMENT

Respondent has filed a motion to dismiss the petition on exhaustion grounds.  (Resp't MTD at 3-7)  28 U.S.C. 2254(b)(1)(A), (c).

## F.  EXHAUSTION OF STATE COURT REMEDIES

It is well-established that a petitioner must exhaust his available state court remedies before proceeding to federal court for habeas relief.  *Id.*; *Rose v. Lundy,* 455 U.S. 509 (1982).  The exhaustion requirement "reflects a policy of federal-state comity . . . designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor,* 404 U.S. 270, 275 (1971).  Exhaustion is accomplished when both the factual and legal substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.

3

1999); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982)

For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a postconviction habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2012).

In his reply to the respondent's motion, petitioner asserts that he filed a PDR in the Texas Court of Criminal Appeals, and, as such, he gave the state court a full opportunity to review his claims. However, petitioner's assertion is incorrect. While petitioner arguably presented claims (1), (5) and (6) to the Texas Court of Criminal Appeals *via* his PDR, he did not raise claims (2), (3), (4), (7), and (8) on direct appeal nor has he filed a state habeas application raising the claims.

Petitioner also asserts that he has the right to raise his ineffective assistance claims for the first time in this court under *Trevino v. Thaler*, — U.S. —, 133 S. Ct. 1911, (2013). *Trevino* concerned the application of the cause and prejudice exception, as discussed in *Coleman v. Thompson,* 501 U.S. 722 (1991),[4] to a procedural default of Trevino's ineffective-assistance-of-trial-counsel claims by his habeas counsel in the initial state habeas proceeding. The Supreme Court held

---

[4] In *Coleman*, the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Id.* at 750.

4

that "a procedural default [by Trevino's initial state habeas counsel] will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 133 S. Ct. at 1921 (citing *Martinez v. Ryan*, — U.S. —, 132 S. Ct. 1309, 1320 (2012)). *Trevino* does not concern attorney error in any proceeding other than the initial-review collateral proceeding. *Martinez*, 132 S. Ct. at 1320. The fact that petitioner did not file a state habeas application renders *Trevino* inapplicable to this case.

Instead, in a situation such as this, where a petitioner presents a "mixed" habeas corpus petition containing both exhausted and unexhausted claims, a federal court shall dismiss the petition in its entirety without prejudice. *Lundy*, 455 U.S. at 510. Under these circumstances, a petitioner has two choices: (1) return to the state courts to exhaust his claims in full or (2) amend or resubmit his petition to raise only exhausted claims in the federal court. *Pliler v. Ford*, 542 U.S. 225, 227 (2004). During the pendency of this federal petition, however, petitioner's one-year period for filing a federal petition under 18 U.S.C. § 2244(d)(1) expired. Consequently, a subsequent federal petition would likely be untimely.

In *Rhines v. Weber*, the Supreme Court held a federal district court in this situation has discretion to stay, rather than dismiss, the mixed federal habeas petition, but only in limited circumstances where (1) there is good cause for the petitioner's failure to exhaust his claims first in state court, (2) the petitioner's unexhausted claims are potentially meritorious, and (3) the petitioner has not engaged in abusive litigation tactics or intentional delay. 544 U.S. 269, 277-78 (2005). The Court warned against the "wholesale embrace of such an approach" however and explained:

[S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, **stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.**

*Id.* at 277 (emphasis added).

Petitioner has not moved for stay and abeyance of his petition, and the court finds no good cause excusing his failure to exhaust his state court remedies. Further, petitioner waited until there were only six days remaining in the federal limitations period before filing this federal petition. Petitioner has an avenue to seek state relief on his claims by way of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. Absent a showing that his remedy under article 11.07 would be ineffective, he cannot now proceed in federal court in habeas corpus. 18 U.S.C. §2254(b)(1)(B); *Fuller v. Florida,* 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir. 1972).

## II. RECOMMENDATION

It is therefore recommended that respondent's motion to dismiss be granted and petitioner's petition for writ of habeas corpus be dismissed without prejudice for failure to exhaust state court remedies. Petitioner's motion for appointment of counsel is denied. (doc. entry no. 23)

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written

objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August __26__, 2013.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until August __26__, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August __5__, 2013.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

7