```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                   FORT WORTH DIVISION
```

DIEUDONNE KAZABUKEYE,              §
    Petitioner,                    §
                                   §
VS.                                §   CIVIL ACTION NO.4:13-CV-346-Y
                                   §
WILLIAM STEPHENS, Director,        §
T.D.C.J.,Correctional              §
Institutions DIV.,                 §
    Respondent.                    §

### ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS AND ORDER DENYING CERTIFICATE OF APPEALABILITY

In this action brought by petitioner Dieudonne Kazabukeye under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on August 5, 2013;

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on August 20, 2013; and

4. The respondent's response to petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on August 28, 2013.

The Court, after **de novo** review, concludes that the Petitioner's objections must be overruled, that the motion to dismiss should be granted, and that the petition for writ of habeas corpus should be dismissed for the reasons stated in the magistrate judge's findings and conclusions, and for the reasons stated herein.

In his objections, petitioner Kazabukeye argues that he is entitled to have this Court stay this proceeding based upon the

Supreme Court's decision in *Rhines v. Weber,* 544 U.S. 269 (2005).

A district court traditionally has broad discretion to stay proceedings as an incident to its power to control its docket."[1] Although the time limitation for seeking relief against a state conviction under 28 U.S.C. § 2254[2] enacted with the Antiterrorism and Effective Death Penalty Act ("AEDPA") did not deprive the district courts of that discretion, the Supreme Court recognized in *Rhines* that the decision to issue a stay must be compatible with the purposes of the AEDPA.[3] Those purposes include reducing "delays in the execution of state and federal criminal sentences . . ."[4] and encouraging petitioners to first seek relief in state court prior to filing a petition in federal court.[5] Any issuance of a stay has the potential to undermine these twin purposes by frustrating "AEPDA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and undermining "AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition."[6]

---

[1] *Clinton v. Jones,* 520 U.S. 681, 706 (1997)(citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)).

[2] A one-year statute of limitations is applicable to the filing of non-capital § 2254 habeas corpus petitions in federal court. *See* 28 U.S.C.A. § 2244(d)(1-4)(West 2006).  That statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C.A. § 2244(d)(2)(West 2006).

[3] *Rhines*, 544 U.S. at 276.

[4] *Id.* (citing *Woodford v. Garceau,* 538 U.S. 202, 206 (2003) and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)).

[5] *Rhines,* 544 U.S. at 276.

[6] *Id.* at 277.

Thus, although the Court in *Rhines* authorized district courts to stay a petition under 28 U.S.C. § 2254 for a petitioner to complete exhaustion of his claims in state court, the Court also provided that such a "stay and abeyance was available only in limited circumstances."[7] Those limited circumstances include (1) a determination that there was good cause for the petitioner's failure to exhaust his claims first in state court, and (2) regardless of good cause, a review of whether the underlying claims are plainly meritless, as any issuance of a stay when the unexhausted claims are plainly meritless would be an abuse of discretion.[8] Furthermore, if the petitioner "engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all."[9]

For the reasons stated in the August 28, 2013 Response to Petitioner's Objections at pages four through eight, Kazabukeye's explanations for his failure to first present his unexhausted claims to state court do not rise to the level of good cause. Also, he cannot show that his claims are not plainly meritless, and the grant of a stay in this instance would frustrate the purposes of the AEDPA recognized in *Rhines*. As such, Kazabukeye's objections are overruled, and his request for this Court to stay this case and hold it in abeyance is denied.

---

[7] *Id.*

[8] *Id.*

[9] *Id.* at 278.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

The respondent's motion to dismiss (doc. 21) is GRANTED.

Dieudonne Kazabukeye's petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE, except as to any application of the federal statute of limitations or other federal procedural bar that may apply.

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[10] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[11] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[12] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[13]

---

[10] *See* Fed. R. App. P. 22(b).

[11] RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, RULE 11(a) (December 1, 2009yes !).

[12] 28 U.S.C.A. § 2253(c)(2)(West 2006).

[13] *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003)(citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Upon review and consideration of the record in the above-referenced case as to whether petitioner Kazabukeye has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the August 5, 2013 Findings, Conclusions, and Recommendation of the United States Magistrate Judge, and for the reasons stated in this order.[14]

Therefore, a certificate of appealability should not issue.

SIGNED September 11, 2013.

_Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[14] See Fed. R. App. P. 22(b); see also 28 U.S.C.A. § 2253(c)(2)(West 2006).